IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN T. SCHAAF,

                          Plaintiff,                  OPINION AND ORDER

   v.

                                                       08-cv-611-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). In February 2005, plaintiff Sean T. Schaaf sustained serious injuries to his left arm in a snowmobile accident. He applied for Disability Insurance Benefits under Title II of the Social Security Act, codified at 42 U.S.C. §§ 416(i) and 423(d), alleging that he was unable to work because he was unable to use his left arm. Plaintiff later underwent surgery, which helped to restore some but not all of plaintiff's left arm function. In December 2007, after a hearing, an administrative law judge issued a decision denying plaintiff's application for disability benefits. Relying on the testimony of a vocational expert who was asked a hypothetical question incorporating all but one of the restrictions endorsed by plaintiff's treating physician, the administrative law judge

1

determined that plaintiff was not disabled because a significant number of jobs existed in the regional economy that plaintiff could perform in spite of his limitations. The administrative law judge's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.

In this appeal, plaintiff contends that the administrative law judge erred in rejecting his treating physician's opinion that he would miss work at least one week a month and in discounting plaintiff's allegations that he cannot work because of pain, fatigue and side effects from his medications. Plaintiff's arguments are unpersuasive. The administrative law judge provided sound reasons, supported by substantial evidence in the record, for his conclusion that plaintiff's pain is not severe enough to prevent him from competitive employment and that he suffers no significant side effects from his pain medication. Accordingly, I must affirm the commissioner's decision.

The following facts are drawn from the administrative record (AR):

## FACTS

Plaintiff was born on July 13, 1973 and graduated from high school. AR 26. He has past relevant work experience as a mason. AR 64. He is right-handed. On February 12, 2005, plaintiff injured his left brachial plexus in a snowmobile accident, resulting in partial paralysis of plaintiff's left arm. (Plaintiff also injured his right knee and later underwent

2

surgery. However, plaintiff does not contend that he has any limitations resulting from that injury.) Nerve transfer surgery performed in July 2005 restored some but not complete function to the arm.

On November 7, 2007, plaintiff's primary treating physician, Dr. John Ingalls, completed a form indicating that plaintiff could not use the left arm to lift but could occasionally use it to carry up to 20 pounds less than 30 feet and could occasionally reach with the left arm at or below shoulder level. In addition, he found that plaintiff could not use his left hand for pushing or pulling but could use it occasionally for fine manipulation and frequently for simple grasping. Ingalls indicated that plaintiff would miss work an average of one week or more a month. AR 309-310. In a corresponding office note, he noted that apart from plaintiff's loss of function, he suffered from chronic pain, which in turn resulted in fatigue and insomnia. AR 311.

At the administrative hearing, plaintiff testified that he was unable to work because of pain in his left arm and a corresponding lack of sleep. He stated that he was in constant severe pain because of the nerve damage and that he rarely slept more than three hours a night. AR 324, 329. Plaintiff testified that he took care of his five year old son five days a week and received child support payments from his son's mother. He testified that he relied on others to help him take care of his house. AR 325. Consistent with Ingalls's opinion, plaintiff testified that he could carry 20 pounds with his left arm but could not lift any

weight.  Plaintiff said that he did not pursue Department of Vocational Rehabilitation services because he lacked transportation to attend appointments.  AR 331.

Plaintiff testified that he had taken Percocet since his accident and that he was taking a new medication to help him sleep.  AR 326.  He explained that the pain medication relaxed him but did not reduce the pain.  AR 328-29.

The administrative law judge called Steven Bosch to testify as a neutral vocational expert.  He asked Bosch whether an individual of plaintiff's age, education, work experience and the residual functional capacity to perform light unskilled work with no use of the left upper extremity could perform plaintiff's past work. Bosch responded that such an individual could not but that he could perform sedentary security monitor jobs available in the region. In the second hypothetical, the administrative law judge described the individual as able to do light work, carry 20 pounds with his left arm, reach occasionally with the left arm and use the left arm occasionally for fine manipulation.  Bosch responded that this individual could perform some light cashier jobs.  He stated that his testimony was consistent with the information in the Dictionary of Occupational Titles.  AR 332-34.

Plaintiff's lawyer asked Bosch whether the security monitor job could be performed by an individual who had impaired concentration as a result of medication use and a lack of sleep.  Bosch responded that the individual would not be able to perform the job.  In addition, the lawyer asked Bosch whether a person who missed up to a week of work a

4

month could perform competitive employment. Bosch responded that the person could not. AR 335.

On December 27, 2007, the administrative law judge issued a written decision, finding plaintiff not disabled. AR 18-27. Proceeding through the required sequential analysis, 20 C.F.R. § 404.1520, the administrative law judge found that although plaintiff had impairments that were severe, they were not severe enough to meet or medically equal any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1. AR 20-21. Assessing plaintiff's residual functional capacity, the administrative law judge gave "full weight" to Ingalls's opinions regarding plaintiff's ability to sit, stand, walk and use his left upper extremity, finding them to be consistent with the evidence. However, he discounted Ingalls's opinion that plaintiff would miss one week of work a month, finding the opinion to be unexplained and not supported by anything in Ingalls's treatment notes.

The administrative law judge found plaintiff's allegation that he was unable to perform any work because of pain and fatigue to be unsupported by the objective medical evidence and not fully credible. He noted that the record contradicted plaintiff's testimony that he engaged in only minimal daily activities, insofar as plaintiff had indicated in written statements that he cared for his son, cooked, drove, did the laundry, took out the garbage, shopped and went fishing once in awhile. In addition, evidence in the record indicated that plaintiff elected to have arthroscopic surgery on his right knee in order that he could run.

The administrative law judge determined that these activities were consistent with a residual functional capacity for light work. The administrative law judge also noted that plaintiff had not been compliant with physical therapy, having stopped attending after one session at which the therapist determined that he was able to hunt with a cross bow, and had not pursued vocational rehabilitation services. The administrative law judge rejected plaintiff's explanation that he lacked transportation, noting that plaintiff had indicated in other statements that he was able to drive and drove his son 15 miles to the bus stop. In addition, he noted that plaintiff lived in a remote area with few job opportunities and was receiving child support from his son's mother, which "perhaps provides him with disincentive to work." AR 25.

The administrative law judge also noted that in spite of plaintiff's allegations of constant, excruciating pain, examining physicians had consistently described him as being in no acute distress. Finally, the administrative law judge considered plaintiff's use of pain medication, finding no evidence that it produced side effects that would interfere significantly with his ability to work. He noted that Ingalls's treatment notes indicated that plaintiff had denied memory loss, confusion, lack of concentration or inability to cope with daily stress.

The administrative law judge found that plaintiff lacked the residual functional capacity to return to his past work as a mason. However, relying on Bosch's testimony at

the hearing, he found that plaintiff could make a vocational adjustment to other jobs that exist in the regional or national economy, namely security monitor (1,000 jobs in Wisconsin) and cashier (20,000 jobs in Wisconsin). Accordingly, he found that plaintiff was not disabled.

OPINION

The standard by which a federal court reviews a final decision by the commissioner is well settled: the commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). When reviewing the commissioner's findings under § 405(g), the court cannot reconsider facts, reweigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the commissioner. Edwards v. Sullivan, 985 F.2d 334, 336 (7th Cir. 1993). When the administrative law judge denies benefits, he must build a logical and accurate bridge from the evidence to his conclusion. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

Plaintiff argues that the administrative law judge erred in weighing the opinion of his treating physician, Ingalls.  As an initial matter, plaintiff asserts that the administrative law judge gave more weight to the opinions of the state agency physicians.  This assertion is not supported by the record.  As plaintiff concedes, the administrative law judge  fully credited Ingalls's opinions concerning plaintiff's ability to sit, stand, walk and use his left arm.  The only opinion that the administrative law judge discounted was that plaintiff would have to miss work one week a month, but the administrative law judge did not rely on the opinions of the state agency physicians in doing so.  Instead, the administrative law judge found that Ingalls had not provided the basis for his opinion and there was no information in Ingalls's treatment notes that supported it.  Further, he found that Ingalls's statement concerning plaintiff's chronic pain, chronic fatigue and insomnia was insufficient to support a conclusion that plaintiff would miss so much work.

Although an administrative law judge must consider all medical opinions of record, he is not bound by those opinions, Haynes v. Barnhart, 416 F.3d 621, 630 (7th Cir. 2005), and may discount an opinion if it is not well-supported by clinical findings or is inconsistent with other evidence in the record.  20 C.F.R. § 404.1527(d)(2); Hofslien v. Barnhart, 439 F.3d 375, 377 (7th Cir. 2006).  Here, the administrative law judge did not err in rejecting Ingalls's unexplained and unsupported opinion concerning the amount of work plaintiff would miss.  Although plaintiff asserts that there is "substantial medical evidence" in the

8

record to support Ingalls's conclusion, he does not identify that evidence. Indeed, Ingalls's medical reports consist mostly of medication refills and pre-operative examinations. Because the administrative law judge cited good reasons, supported by the record, for the weight he gave Ingalls's opinion, this court has no basis to reverse it. White v. Apfel, 167 F.3d 369, 375 (7th Cir. 1999).

That said, one would not expect to find much objective evidence to support the conclusion that plaintiff will miss one week of work a month. The cause for plaintiff's alleged absenteeism is pain, which is entirely subjective and therefore unquantifiable. The question in this case boils down to whether the administrative law judge cited sound, logical reasons for his conclusion that plaintiff's pain was not so severe as to prevent him from working. Skarbeck v. Barnhart, 390 F. 3d 500, 505 (7th Cir. 2004) (court will affirm credibility determination as long as administrative law judge gives specific reasons that are supported by record). Plaintiff argues that the administrative law judge's credibility finding was flawed, but his argument is not persuasive. As I have already noted, the administrative law judge noted that plaintiff had completed reports indicating that he engaged in a fair number of daily activities, including caring for his five-year-old son, cooking, driving, doing laundry, taking out garbage, shopping and fishing once in awhile. In addition, plaintiff had elected to have arthroscopic surgery on his right knee in order that he could run and had been found eligible to hunt with a cross bow. I disagree with plaintiff that these are the sorts

9

of "minimal" tasks that have been found insufficient to refute reports of severe pain. See, e.g., Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). In any case, the administrative law judge cited various other reasons for finding plaintiff less than credible, including his failure to comply with physical therapy or pursue vocational rehabilitation, the existence of disincentives for plaintiff to return to work and the failure of plaintiff's doctors to record any observations that corroborated plaintiff's reports of extreme, unrelenting pain.

In addition, contrary to plaintiff's contention, the administrative law judge considered plaintiff's allegation of medication side effects. He noted the absence of any objective evidence that plaintiff had side effects that would prevent him from performing work within his residual functional capacity, pointing out that during two pre-operative visits with Ingalls, plaintiff denied memory loss, confusion or concentration problems. Plaintiff argues generally that the pain medication that he takes causes drowsiness and lack of concentration, but he does not point to anything in the record to show that he experiences such side effects. In fact, in a March 2006 function report, plaintiff denied problems with memory or concentration, said that he could pay attention for a half hour and was able to complete things he started. AR 94.

In sum, the administrative law judge built an accurate and logical bridge between the evidence and his conclusion that, although plaintiff suffers from pain, it is not so severe as to prevent him from performing any sustained, competitive work activity. Therefore,

plaintiff has not demonstrated that this is one of those rare occasions on which the court should disturb the administrative law judge's credibility finding. Prochaska v. Barnhart, 454 F.3d 731, 738 (7th Cir. 2006) (court generally must uphold credibility finding unless it is "patently wrong"). Because the administrative law judge properly found no evidence that plaintiff's medications caused him significant side effects or that plaintiff could not attend work consistently because of pain, he was not required to include any limitations related to these impairments in his residual functional capacity assessment or hypothetical to the expert. He was entitled to rely on the testimony of the vocational expert that there were jobs in the national economy that a person with plaintiff's functional capacity could perform.


ORDER

IT IS ORDERED that the decision of defendant Michael J. Astrue, Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 22nd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11